**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**Plaintiff**

**v.** **Civil No. 3:26-cv-5335**

**ASSETS IDENTIFIED IN PARAGRAPH TWO OF VERIFIED COMPLAINT**

**Defendants**

______________________________/

# EXHIBIT A: AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

I, Kevin Hogancamp, being duly sworn, depose and state as follows:

## AFFIANT'S EXPERIENCE

1. I am a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and have been so employed for approximately 18 years. As a Special Agent, I am a Federal Law Enforcement Officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in the enforcement of the criminal laws of the United States. I am currently assigned to the Office of the Resident Agent in Charge in Pensacola, Florida. I have completed the Criminal Investigator Training Program and the HSI Special Agent Training courses at the

Federal Law Enforcement Training Center in Glynco, Georgia. I have also completed numerous criminal investigations and training regarding the illegal importation of contraband and smuggling.

2. As an HSI Special Agent, my responsibilities include the investigation of possible violations of Title 18, United States Code, Section 545 (smuggling goods into the United States) and Title 18, United States Code, Section 542 (entry of goods by means of false statements). During my employment as an HSI Special Agent, I have conducted or assisted in investigations concerning Title 18, smuggling and illegal importation into the United States. I have also received training in detecting smuggling and illegal importation, asset forfeiture, as well as accounting and financial investigation techniques. Prior to my current employment, I was a Customs and Border Protection Officer for approximately five years in Gulfport, Mississippi.

**PROPERTY SUBJECT TO FORFEITURE**

3. The following affidavit, which is based on my personal knowledge and the knowledge of other experienced law enforcement officers as related to me, is submitted to support an *in rem* civil forfeiture action and a warrant of arrest *in rem* for the following:

a. *Two Cuneiform Tablets*. Cuneiform is an ancient system of writing on clay tablets that was used in ancient Mesopotamia thousands of years ago. The impressions on the cuneiform tablets confirm their origination in the area that is now Iraq. They are specifically,

1) Proto-Cuneiform Tablet from Mesopotamia (modern day Iraq), Sumerian, Uruk III Phase, Circa 3300-2900 BC (Jemdet Nasr Period); and
2) Cuneiform Tablet from Mesopotamia (modern day Iraq), Akkadian, Circa 2234-2154 BC.

b. *Other ancient cultural artifacts originating from outside the United States, namely:*

1) Stone Scorpion Plaque, Iran, Kerman Region, Jiroft Civilization, Circa 3rd Millenium BC;
2) Terracotta Female Idol, Cypriot, Cyprus, Late Cypriot II, Circa 1450-1200 BC;
3) Bronze Figure of Isis Nursing Horus, Egyptian, Late Period-Ptolemaic Period 664-30 BCE;
4) Bronze Statuette of Osiris, Egyptian, Late Dynastic Period, Circa 664-332 BC;
5) Ceramic Architectural Model, Seljuk type, Islamic, Persia (Iran), Circa Late 12th-14th Century AD;
6) Two Torah scrolls of Hebrew origin;
7) Stele believed to be from the 23rd to 26th dynasty, ca 712 to 525 BCE, Upper Egypt; and
8) Hanging Scroll artwork, Rakujō-zu 落城図 (Fall of the Castle) believed to have originated in or about the mid-1800s in China.

4. Based on my training, experience, and the facts as set forth in this affidavit, there is reasonable belief that the government will be able to show by a preponderance of the evidence that the defendants *in rem* are subject to forfeiture to the United States pursuant to Title 19, United States Code, Section 1595a(c)(1)(A), as merchandise that was introduced or attempted to be introduced into the United States contrary to law.

## BACKGROUND FACTS

5. In July 2025, HSI Pensacola received information from Customs and Border Protection (CBP) Office of Field Operations in Pensacola, Florida, regarding the detention of a shipment inbound from the United Arab Emirates. The shipment detained by CBP was manifested as "2PC TERRACOTTA SHAPE WITH DESIGNS," and was destined for consignee, "Matthew Weinberg" ("Weinberg") with the destination address in Miramar Beach, FL. The shipment manifest declared the value to be $160.00 U.S. dollars.

| Cargo Description | | | | |
|---|---|---|---|---|
| 1 | 2PC TERRACOTTA SHAPE WITH DESIGNS | | | |
| | Qty: 1 | Weight: -- | Value: 160.00 USD | HTS: -- |
| Marks & Numbers: | NO MARKS | | | |

Bill Parties

| Shipper | Consignee |
|---|---|
| MADINAT KHARASAN NOV AND SILVERS TR<br>KING FAISAL STREET<br>SHARJAH SHARJAH<br>UNITED ARAB EMIRATES | MATTHEW WEINBERG<br>[redacted]<br>MIRAMAR BEACH MIR, FL 32550<br>UNITED STATES OF AMERICA |

6. Upon preliminary inspection of the items contained within the package, experts within CBP determined that the artifacts shipped to Weinberg were likely authentic cuneiform tablets. The two cuneiform tablets, (Cuneiform Tablets 0001 and 0002) were then sent to the New York Fine Art Appraisers ("NYFAA") for subject matter expert review and appraisal.

7. On or about February 19, 2026, CBP and HSI received the authenticity reports from the NYFAA. Cuneiform Tablet 0001 was inspected and determined to

be an authentic Proto-Cuneiform Tablet from Mesopotamia (modern day Iraq), Sumerian, Uruk III Phase, Circa 3300-2900 BC (Jemdet Nasr Period) with a fair market appraisal value of $10,000 U.S. dollars.



**PROTO-CUNEIFORM TABLET, MESOPOTAMIA (MODERN DAY IRAQ), SUMERIAN, URUK III PHASE, CIRCA 3300-2900 BC (JEMDET NASR PERIOD)**

8. Cuneiform Tablet 0002 was also inspected by NYFAA and determined to be an authentic Cuneiform Tablet from Mesopotamia (modern day Iraq), Akkadian, circa 2234-2154 BC with a fair market appraisal value of $5,000 U.S. dollars.



**CUNEIFORM TABLET, MESOPOTAMIA (MODERN DAY IRAQ), AKKADIAN, CIRCA 2334-2154 BC**

9. After the initial shipment of the "2PC TERRACOTTA SHAPE WITH DESIGNS," additional packages destined for Weinberg's Miramar Beach address were intercepted and detained by CBP. Six additional shipments were inspected for authenticity by the NYFAA. Five of the six shipments were determined to be authentic pieces from various countries, including Iran, Egypt, and Cyprus. The shipment manifest declared the values of each shipment to have been significantly less than the appraisal values.

| DESCRIPTION | MANIFEST VALUE | APPRAISAL VALUE |
|---|---|---|
| Stone Scorpion Plaque, Iran, Kerman Region, Jiroft Civilization, Circa 3rd Millenium BC | $172.00 | $5,000.00 |
| Terracotta Female Idol, Cypriot, Cyprus, Late Cypriot II, Circa 1450-1200 BC | $250.00 | $4,000.00 |
| Ceramic Architectural Model, Seljuk type, Islamic, Persia (Iran), Circa Late 12th-14th Century AD | $250.00 | $2,000.00 |
| Bronze Figure of Isis Nursing Horus, Egyptian, Late Period- Ptolemaic Period 664-30 BCE | $730.00 | $10,000.00 |
| Bronze Statuette of Osiris, Egyptian, Late Dynastic Period, Circa 664-332 BC | $730.00 | $12,500.00 |

10. On or about August 7, 2025, CBP Pensacola detained a shipment inbound from Canada. The shipment was manifested as "BRONZE DISPLAY FIGURE BRONZE FIGURE FOR DECORATION DISP," and was destined for consignee, "Gloria Mackenzie" at the same Miramar Beach address. The shipment manifest declared the value of the shipment was $730.00 U.S. dollars.

| Container Number: NC | L: — W: — H: — | Equipment Type: Container: — | Equipment: — | AAR: — | Service Type: — |
|---|---|---|---|---|---|

**Cargo Description**

| | | | | |
|---|---|---|---|---|
| 1 | BRONZE DISPLAY FIGURE BRONZE FIGURE FOR DECORATION DISP | | | |
| | **Qty:** 1 | **Weight:** — | **Value:** 730.00 USD | **HTS:** — |

**Marks & Numbers:** NO MARKS

Bill Parties

| Shipper | Consignee |
|---|---|
| SHAH MEER MIR AGHA<br>[redacted]<br>CANADA | GLORIA MACKENZIE<br>[redacted]<br>MIRAMAR BEACH, FL 32550<br>UNITED STATES OF AMERICA |

11. The shipment manifested as "BRONZE DISPLAY FIGURE BRONZE FIGURE FOR DECORATION DISP" was inspected by NYFAA and determined to be a Bronze Figure of Isis Nursing Horus, from the Egyptian Late Period-Ptolemaic Period, Circa 66-30 BCE. After further inspection, the bronze figure was determined to have a fair market appraisal value of $10,000 U.S. dollars.



**BRONZE FIGURE OF ISIS NURSING HORUS, EGYPTIAN, LATE PERIOD-PTOLEMAIC PERIOD, CIRCA 664-30 BCE**

12. NYFAA also determined that one of the shipments was an authentic "CERAMIC ARCHITECTURAL MODEL, SELJUK TYPE, ISLAMIC, PERSIA (IRAN), CIRCA LATE 12TH - 14TH CENTURY AD." Weinberg is believed to have purchased this cultural artifact via through the "Ancient Arts Store" via eBay for approximately $2,000 U.S. dollars (fair market appraisal value). However, when CBP detained this shipment in Pensacola in 2025, it was valued at $250 U.S. dollars and addressed to consignee, "Gloria Mackenzie" at the Miramar Beach address. Weinberg's grandmother, who has been deceased since February 2021, was named "Gloria Mackenzie."

**Cargo Description**

| | | | | |
|---|---|---|---|---|
| 1 | A TERRACOTTA CERAMIC TABLE AND A T | | | |
| | **Qty:** 1 | **Weight:** --- | **Value:** 250.00 USD | **HTS:** 4901990093 |

**Marks & Numbers:** NO MARKS

Bill Parties

| **Shipper** | **Consignee** |
|---|---|
| ART STORE<br>AJMAN<br>AJMAN CITY AJMAN<br>UNITED ARAB EMIRATES | GLORIA MACKENZIE<br>[redacted]<br>MIRAMAR BEACH MIR, FL 32550<br>UNITED STATES OF AMERICA |



**CERAMIC ARCHITECTURAL MODEL, SELJUK TYPE, ISLAMIC, PERSIA (IRAN), CIRCA LATE 12TH - 14TH CENTURY AD**

13. Of these additional six shipments detained by CBP and inspected by NYFAA, Weinberg's remaining three shipments of authentic cultural artifacts were:



**STONE SCORPION PLAQUE, IRAN, KERMAN REGION, JIROFT CIVILIZATION, CIRCA 3RD MILLENNIUM BC**



TERRACOTTA FEMALE IDOL, CYPRIOT, CYPRUS,
LATE CYPRIOT II, CIRCA 1450-1200 BC



BRONZE STATUETTE OF OSIRIS, EGYPTIAN,
LATE DYNASTIC PERIOD, CIRCA 664-332 BC

14. On March 18, 2026, HSI agents executed a search warrant at Weinberg's home at the Miramar Beach address and seized ancient, authentic cultural authentic artifacts, which were inspected, determined to be authentic by Dr. Gabriel Goldstein of Yeshiva University, Dr. Niv Allon of The Metropolitan Museum of Art, and Dr. Naoko Adachi of the Smithsonian. These authentic cultural artifacts included:

a. **Two Torah scrolls of Hebrew origin:**





b. **Stele believed to be from the 23rd to 26th dynasty, ca 712 to 525 BCE, Upper Egypt:**



**c. Hanging Scroll artwork, Rakujō-zu 落城図 (Fall of the Castle) believed to have originated in or about the mid-1800s in China:**



15. At the time of the execution of the search warrant at Weinberg's home, agents seized other items, including artifacts later deemed to have insignificant value and electronic devices, i.e., cell phone and computer equipment. A subsequent search of Weinberg's iphone 17 Pro Max revealed among other communications, (a) Weinberg's Chat GPT inquiry dated December 24, 2025, concerning the illegality of the importation of certain Egyptian and Iraqi cultural artifacts; (b) Weinberg's Chat GPT inquiry dated December 30, 2025, discussing the law pertaining to the importation of cultural artifacts from Egypt; and (c) Weinberg's WhatsApp communications with a vendor, beginning on or about July 12, 2025, and ending on or about August 2, 2025, discussing the circumvention of Customs detection of the true nature and value of the authentic cultural artifacts.

16. Further investigation determined that Weinberg purchased online and/or by other means, approximately 117 shipments internationally between in or

about September 2024, through in or about March 2026. Of the 117 shipments, approximately 109 arrived at the designated address without having been intercepted. Of the remaining eight shipments, seven have been intercepted in Pensacola, Florida and found to contain authentic cultural artifacts destined for Weinberg's Miramar Beach address. These shipped artifacts have been inspected, authenticated, and appraised with appraisal values significantly higher than the values listed on their required shipment manifests.

17. Due to the import restrictions agreed upon between the United States and Iraq, Egypt, and Cyprus, the mere possession in the United States of the following artifacts is further prohibited without the proper documentation from the country of origin: (a) Cuneiform Tablets 0001 and 0002; (b) Bronze Figure of Isis Nursing Horus, Egyptian, Late Period- Ptolemaic Period 664-30 BCE; (c) Bronze Statuette of Osiris, Egyptian, Late Dynastic Period, Circa 664-332 BC; (d) Stele believed to be from the 23rd to 26th dynasty, ca 712 to 525 BCE, Upper Egypt); and (e) Terracotta Female Idol, Cypriot, Cyprus, Late Cypriot II, Circa 1450-1200 BC.

## CONCLUSION

As required by Supplemental Rule G(2)(f), the facts set forth in this Affidavit support the reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, these facts support a reasonable belief that the government will be able to show by a preponderance of the evidence that the

Defendant Assets constitute merchandise that was introduced or attempted to be introduced into the United States contrary to law pursuant Title 19, United States Code, Section 1595a(c)(1)(A).

KEVIN HOGANCAMP
Special Agent, Homeland Security Investigations

**VERIFICATION**

I, Kevin Hogancamp, hereby verify and declare under penalty of perjury, that I am an HSI Special Agent, and pursuant to Title 28, United States Code, Section 1746: (1) I have read the foregoing Affidavit in Support of Forfeiture and know the contents thereof; and (2) that the matters contained in the Affidavit are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, as well as my investigation of this case along with other law enforcement agents. I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of November, 2026.

KEVIN HOGANCAMP
Special Agent, Homeland Security Investigations